GARY M. RESTAINO
United States Attorney
District of Arizona

BRETT A. DAY
Arizona State Bar No. 027236
Assistant U.S. Attorneys
Two Renaissance Square
40 N. Central Avenue, Suite 1800
Phoenix, Arizona 85004-4408
Telephone (602) 514-7500
Brett.Day@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | CR-21-0209-PHX-MTL |
|---|---|
| Plaintiff, | |
| vs. | **SENTENCING MEMORANDUM** |
| Alec Brian Diaz, | |
| Defendant. | |

The government respectfully requests that the Court accept the parties 11(c)(1)(C) plea agreement. The government agrees with Probation's guideline calculation of a total offense level of 25, CHC I, for a sentencing range of 57 to 60 months of imprisonment. The plea agreement stipulates to a cap at the low-end of the guidelines. The government believes that a 5-year sentence of probation, coupled with an 8-month term of home detention is appropriate in this case.

Section 5B1.1 of the U.S. Sentencing Guidelines provides that a sentence of probation is authorized if the applicable guideline range is in Zone B of the Sentencing Table and the court imposes a condition or combination of conditions requiring intermittent confinement, community confinement, or home detention as provided in subsection (c)(3) of § 5C1.1. As best explained in § 5B1.1 Application Note 1(B), where the applicable guideline range is in Zone B, the court my impose a sentence of probation only if it imposes

a condition requiring that the low-end of the applicable guideline range be satisfied by an equal term of community confinement, home detention, or intermittent confinement.

In this case, defendant's current guideline range is in Zone D of the sentencing guidelines table. Therefore, a sentence of probation is not available. However, a substantial variance to Zone B of the table will make defendant probation eligible under the above terms.

The government argues that substantial variance is justified in this case. The defendant is 23 years old and has no criminal history. The defendant has performed well on pre-trial supervision maintaining good-paying employment and supporting a fiancé and 18-month-old child.

Defendant's guidelines calculate very high with respect to the overall conduct. The defendant's actual conduct mirrors that of the majority of the similar situated defendants charged with this offense. However, defendant's guidelines are increased by roughly 12 levels based on the fact that he was aware his co-conspirator was a prohibited possessor. A fact that rarely occurs, or can be proven, in most cases. It is rare for a defendant to admit to this knowledge, however, this defendant did make such an admission.

The majority of defendants convicted of this offense similarly situated to defendant (no criminal history, number of firearms, type of firearms, etc.) typically receive a sentence anywhere from a term of probation, up to 12 months incarceration. When you take into consideration the defendant's performance on pre-trial release, employment, and family ties, probation appears to be appropriate in this case.

Furthermore, the government has not identified any 18 U.S.C. § 3553(a) factors that will be better satisfied by a term of incarceration. By all accounts, defendant's life appears to be projected in the right direction. A 5-year term of probation will provide the court sufficient authority to ensure that path continues. Defendant will be aware that any slip-up on probation will not be tolerated lightly by this court if the court grants the defendant such a significant benefit.

For the above reasons, the government respectfully requests that the court vary downward to Offense Level 11, which will place defendant in Zone B of the sentencing

guidelines table.  Following the variance, defendant's guidelines range becomes 8 to 14 months.  Pursuant to U.S.S.G § 5B1.1 the court must impose a low-end 8-month period of home detention as a condition of probation.  This 8-month period of home detention will provide additional punishment given the seriousness of the offense.  Given all the above factors, the government believes that a sentence of 5 years' probation, coupled with 8 months of home detention is sufficient, but not greater than necessary to satisfy the factors set forth in 18 U.S.C. 3553(a).

Respectfully submitted this 1st day of November, 2022.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/ Brett A. Day*
BRETT A. DAY
Assistant U.S. Attorneys

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants: Matthew Jefferson, *Attorney for Defendant.*

*s/   Brett Day*
Brett A. Day
U.S. Attorney's Office